**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
***Tampa Division***
**www.flmb.uscourts.gov**

IN RE: Chapter 11

RUDRAKSH INDIAN CUISINE, LLC Case No.: 8:26-bk-

Debtor. /

**EXPEDITED MOTION FOR AUTHORITY TO USE**
**CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

**COMES NOW**, RUDRAKSH INDIAN CUISINE, LLC, (the "**Debtor**"), by and through its undersigned counsel, and files this Motion for Authority to Use Cash Collateral and Providing Adequate Protection pursuant to § 105 and § 363(c)(2)(B) of Title 11 of the Bankruptcy Code, 11 U.S.C. §101, et. seq. as amended (the "**Bankruptcy Code**") and Rules 4001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Motion, the Debtor states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested is 11 U.S.C. §§ 105 and 363 and Rule 4001(d)(1)(D), Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On November 23, 2026, the Debtor filed its Voluntary Petition (Doc. 1) under Subchapter V of Chapter 11 of the Bankruptcy Code (the "**Petition Date**"). The Debtor is

managing its financial affairs as a Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. Upon information and belief, the following creditors may claim blanket liens against the Debtor's cash, inventory, and accounts receivable:

| Creditor | Claim Amount | UCC-1 Filing Date | Document Number |
|---|---|---|---|
| Hancock Whitney Bank, NA | $734,000.00 | 07/08/2024 | 202401803643 |
| Corporation Service Co | Unknown | 10/23/2026 | 202603297269 |
| U.S. Small Business Admin. | $72,880.00 | None | None |

(collectively, the "**Secured Creditors**"). The Debtor reserves the right to challenge the validity, priority and extent of the Secured Creditors' liens against the Debtor's assets.

5. The Debtor estimates that the claim of the Secured Creditors' claims are secured by $5,256.81 in cash, $4,500.00 in work in progress, $16,000.00 in inventory, $350.00 in office equipment and computer software, $15,000.00 in kitchen machinery, fixtures and equipment (collectively, the "**Secured Creditor Assets**").

## RELIEF REQUESTED

6. The Debtor seeks an order of this Court authorizing the Debtor to use cash, accounts receivable and other income derived from the Debtor's operations to fund its operating expenses and costs of administration in this Chapter 11 case for the duration of the chapter 11 case (the "**Cash Collateral**") pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001(b)(2) and Local Rule 4001-3, since any cash generated by the Debtor may constitute the cash collateral of the Secured Creditor.

**Terms and Use of Cash Collateral and Offer of Adequate Protection**

7. In order for the Debtor to remain in business, it is imperative that it have the use of the Cash Collateral.

8. As adequate protection for the use of cash collateral, Debtor offers the Secured Creditor the following:

a. Post-petition replacement lien on the Secured Creditor Assets to the same extent, validity, and priority as existed pre-petition;

b. The right to inspect the Secured Creditor Assets on forty-eight (48) hours notice, provided that said inspection does not interfere with the operations of the Debtor; and

c. Copies of monthly financial documents generated in the ordinary course of business and other information as the Secured Creditor may reasonably request with respect to the Debtor's operations.

**Purposes for the Use of Cash Collateral and Cash Flow Budget**

9. The Debtor must have access to and authorization to use the Cash Collateral in the amounts and for the purposes set forth in the budget, attached as Exhibit "A" to this Motion (the "**Budget**"). The use of such Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor's estate. The Cash Collateral will be used to maintain business operations and preserve value of the estate. Among other things, the Debtor proposes to use Cash Collateral in accordance with the Budget for payment of necessary owner/operators and ordinary business expenses related to its operations. This Motion is filed without prejudice to the Debtor's right to

request further authority to use Cash Collateral in excess of the amounts sought herein.[1]

10. The Debtor requests authority to use Cash Collateral immediately to pay the expenses set forth in the Budget as payment of such expenses is necessary to maintain its business, maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its estate.

11. In order to ensure that the Debtor operates effectively throughout this bankruptcy proceeding, the Debtor also requests permission to:

(a) exceed any line item on the budget by an amount equal to ten percent (10%) of each such line item; or

(b) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total budget.

**WHEREFORE**, RUDRAKSH INDIAN CUISINE, LLC, the Debtor, respectfully requests that this Honorable Court (i) enter an order granting this Motion on an emergency interim basis; (ii) authorizes the Debtor's use of Cash Collateral in accordance with the Budget and to provide related adequate protection; (iii) permitting the Debtor to deviate from the Budget in the amount of ten percent (10%) to the extent necessary; (iv) scheduling a Final Hearing in order to authorize the Debtor's use of cash collateral; and (v) granting such other and further relief as the Court shall deem just and proper.

[1] The Budget reflects general line items reflecting the projections of the Debtor's normal operating expenses for the period covered by the Budget. The Debtor's expenditures will be in reasonable compliance with Budget.

**RESPECTFULLY SUBMITTED**, on this 23rd day of November 2026.

FORD & SEMACH, P.A.

/s/ Buddy D. Ford
Buddy D. Ford, Esquire (FBN: 0654711)
Email: *Buddy@tampaesq.com*
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: *Jonathan@tampaesq.com*
9301 West Hillsborough Avenue
Tampa, Florida 33615-3008
Telephone #: (813) 877-4669
Office Email: *All@tampaesq.com*
Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of November 2026, a true and correct copy of the foregoing has been furnished by electronic mail upon all currently registered users in this case by the Court's CM/ECF and, by U.S. Mail to:

Rudraksh Indian Cuisine, LLC, 4424 Friendly Way, Suite J, Wesley Chapel, FL 33544;

U.S. Small Business Admin., 2 North Street, Ste. 320, Birmingham, AL 35203;

U.S. Small Business Admin., c/o U.S. Attorney, 57 Pennsylvania Ave. NW, Washington, D.C. 20530;

U.S. Small Business Admin., c/o U.S. Attorney's Office, Attn: Civil Process Clerk, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602;

U.S. Small Business Admin., 51 SW 1st Avenue, Ste. 201, Miami, FL 33130;

Hancock Whitney Bank, 2202 N. Westshore Blvd., Suite 150, Tampa, FL 33607;

Hancock Whitney Bank, Attn. Stephanie Taylor, 2510 14th St., Gulfport, MS 39501;

CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324; and

Matrix.

/s/ Buddy D. Ford
Buddy D. Ford, Esquire (FBN: 0654711)
Email: *Buddy@tampaesq.com*